IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| NUTECH ORCHARD REMOVAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DURATECH INDUSTRIES INTERNATIONAL, INC., a North Dakota corporation,<br><br>Defendant. | Case No. 3:18-cv-00256-PDW-ARS<br><br><br>**MEMORANDUM BRIEF IN SUPPORT OF MOTION *IN LIMINE*** |

COMES NOW, Defendant, DURATECH INDUSTRIES INTERNATIONAL, INC., a North Dakota corporation, and submits the following memorandum brief in support of its Motion *in Limine* filed contemporaneously herewith.

On March 22, 2019, the Court entered the parties' Proposed Joint Scheduling Plan (filing no. 14), which, as subsequently amended on August 28, 2019 (docket no. 29), provided Plaintiff until December 2, 2019 to provide the names of its expert witnesses and complete reports under Fed.R.Civ.P. 26(a)(2). On December 2, 2019, Plaintiff disclosed Joshua C. Rogers as Plaintiff's expert witness in the above-captioned matter and provided Mr. Rogers' Investigative Report outlining his expert witness opinions and the bases therefor. In sum, Mr. Rogers' report identifies nine separate, bulleted opinions concerning the horizontal grinder Plaintiff purchased through Defendant's dealer ("Plaintiff's Grinder") (cite to page of record where used in opposition to MSJ).

Subsequent to Plaintiff's disclosure, Defendant disclosed John Thomazin as its expert witness and provided Plaintiff with Mr. Thomazin's preliminary and final engineering reports. Mr. Thomazin's report details seven numbered opinions and conclusions concerning Plaintiff's

1

Grinder and the bases therefor.  Mr. Thomazin's opinions and conclusions are based, in part, upon his inspection of an "exemplar DuraTech 5064 horizontal grinder … available approximately 12 miles from [Plaintiff's Grinder] at Castle Farms in nearby Merced, California" (the "Exemplar Grinder").

On March 4, 2020, Defendant's counsel took the deposition of Mr. Rogers in Charlotte, North Carolina.  During the deposition, Mr. Rogers confirmed that he had reviewed Mr. Thomazin's report and opinions, as well as some of the underlying information including photographs provided by Mr. Thomazin.  Despite that review, Mr. Rogers also confirmed that he has no other opinions or conclusions which are not included in his previous report.

> Q. Are there any opinions that you have in this case that are not outlined in this report?
>
> A. I don't believe so, as far as official opinions.  Everything should be what's in the report.  I don't think I have anything other, no.
>
> Q. Were you ever asked to make any opinions that you did not include in this report?
>
> A. No.
>
> Q. If you will turn with me to page 14 of your report, you provide what appears to be a summary of your opinions.
>
> I take that back.  I shouldn't say a summary.  You actually identified by bullet points each of your opinions, is that correct?
>
> A. That's correct.
>
> Q. So these bulleted opinions are each of your opinions that you are rendering in this case, is that right?
>
> A. That's correct.
>
> Q. And then if I understand correctly, as I read through this again, the preceding pages of your report outline in a little bit more detail the bases for each of these opinions that you list on page 14, is that right?
>
> A. That's correct.

> Q. Are there any other bases or justifications for these nine bulleted points on page 14 that are not outlined in your report?
>
> A. I don't believe so.
>
> Q. So as far as you're concerned, as we sit here today, this report is exhaustive as far as your opinions in this matter, and the justification and bases for each of those opinions?
>
> A. Correct.

Deposition of Joshua C. Rogers dated March 4, 2020 at 19:12-21:2.

> Q. So, Mr. Rogers, we have talked about the opinions expressed in your investigative report, Exhibit No. 2 this morning, and I think we have specifically gone through each of the bullet pointed items on page 14.
>
> Are there any other opinions that you have got with respect to this grinder that we have not gone over this morning?
>
> A. I don't believe so.

Deposition of Joshua C. Rogers dated March 4, 2020 at 58:3-12.

Though Mr. Rogers may attempt to do so at trial, he has not provided any opinions directly addressing Mr. Thomazin's opinions and conclusions and has not addressed (in any manner) the Exemplar Grinder. Additionally, Plaintiff has not provided any supplement to Mr. Roger's previous disclosures pursuant to Fed.R.Civ.P. 26(e).

The discovery rules clearly establish the principle that when an expert witness has been deposed and then later changes or adds to an expert opinions or bases new or preexisting opinions on new or different facts from those disclosed in the deposition or report, it is the duty of the party intending to use the expert witness to disclose such new information to the adverse party, thereby updating the responses made in the deposition. Plaintiff has not supplemented its discovery responses to reveal new or changed opinions to which its expert is expected to testify at trial. At this point any new opinions would be untimely. *See*, *e.g.*, *Scott by Simmons v. United States*, 2012 WL 13191439 (E.D.Mo., No. 4:10CV1578, Jan. 3, 2012).

3

>Rather, Federal Rule of Civil Procedure 26(a)(2) requires litigants to provide other litigants with the identity and written report of any expert witness who will testify at trial, "at the times and in the sequence that the court orders." Here, the Court directed Plaintiff and Intervenor Plaintiff to identify and provide the written reports of their experts by April 29, 2011, with depositions of those experts to be completed by May 31, 2011, or approximately one month before Defendants' disclosure of their expert witnesses. Intervenor Plaintiff did not provide information regarding an economics expert during this time or at any time until months after the completion of discovery at the end of August 2011, and after the December 14, 2011, conference. Notably, a failure timely to provide expert witness information is considered to be a failure to disclose expert witness information. Tr*ost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).
>
>When a party fails to provide information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1); *see also* Rule 16(b) and (f), which requires district courts to set a discovery deadline and authorizes the court's imposition of sanctions for a litigant's failure to comply with it. Significantly, "the district court's [wide] discretion [to fashion a remedy or sanction for a failure to provide the information] narrows as the severity of the sanction or remedy it elects increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008); accord *Doe v. Young*, 2011 WL 6785763, at *5 (8th Cir. Dec. 28, 2011) (No. 10-3442) (dicta). The exclusion of expert witness evidence is a "'harsh penalty [that] should be used sparingly,'" but may be used under appropriate circumstances. *Wegener*, 527 F.3d at 692 (upholding the exclusion of untimely disclosed supplemental expert witness information required under Rule 26(e)) (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995)); *see also Firefighter's Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902-03 (8th Cir. 2000) (upholding the district court's striking, under Rule 16, of an expert who was not disclosed until months after the expert report deadline and without an explanation for the delay in explaining the reason for the disclosure). When determining the consequence for failing timely to disclose expert witness information, the district court "should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692.

*Scott by Simmons*, 2012 WL 13191439 at *2.

For each of the above and foregoing reasons, DuraTech respectfully requests that the Court grant its Motion *in Limine* and exclude any expert opinions not previously disclosed in Mr. Rogers' report or discussed in his deposition.

DATED this 19th day of June, 2020.

4

DURATECH INDUSTRIES INTERNATIONAL, INC., a North Dakota corporation, Defendant

By: _____
D.C. Bradford
Justin D. Eichmann
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 | (402) 933-1099 Fax
wbradford@houghtonbradford.com
jeichmann@houghtonbradford.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 19, 2020, a true and correct copy of the foregoing Memorandum was filed electronically with the Clerk of Court through the Court's Case Management/Electronic Case Files system, which system sends notice of such filing to the following CM/ECF participants: Paul C. Germolus and Steven J. Leibel.

_____
Justin D. Eichmann

00529041