IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| NUTECH ORCHARD REMOVAL, LLC, a California Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DURATECH INDUSTRIES INTERNATIONAL, INC., a North Dakota Corporation,<br><br>　　　　Defendant. | **BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO CALL WITNESSES REMOTELY**<br><br>Case No. 3:18-CV-256 |

COMES NOW Plaintiff NuTech Orchard Removal, LLC ("NuTech"), by and through its attorneys of record GERMOLUS KNOLL & LEIBEL LLP (Paul C. Germolus, Steven J. Leibel), and respectfully submits this, the Brief in Support of Unopposed Motion for Leave to Call Witnesses Remotely. In support of this motion, Plaintiff states:

1.　This case involves the purchase of an agricultural-use horizontal grinder. Plaintiff is a Northern California almond grower. Defendant is manufacturer located in Jamestown, ND. Plaintiff's employees and Defendant's sales staff are located in Northern California. By this motion, Plaintiff seeks permission to have some of the witnesses testify remotely from a federal courthouse in Northern California as discussed during a recent status conference.

A. <u>The federal rules authorize remote testimony upon findings of good cause and compelling circumstances</u>.

2. Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause and compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." While remote testimony is not favored, courts have recognized that remote testimony is a reasonable accommodation to the presentation of witness testimony during the current national COVID-19 pandemic. *See, e.g. Vasquez v. City of Idaho Falls*, 4:16-cv-00184-DCN, 2020 U.S. Dist. LEXIS 65735 (D.Idaho April 13, 2020); *Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, No. 17-11130, 2020 WL 3717792, at *4 (E.D. Mich. June 30, 2020) (proceeding with a bench trial via virtual testimony); *In re RFC & ResCap Liquidating Trust Action*, ⎯⎯ F. Supp. 3d ⎯⎯, ⎯⎯, 2020 WL 1280931, at *2, *4 (D. Minn. Mar. 13, 2020) ("COVID-19's unexpected nature, rapid spread, and potential risk established good cause under Rule 43(a) for conducting the final two days of a six-week bench trial by videoconference."); *Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-000482, 2020 WL 3104033, at *2-3 (E.D.N.Y. June 11, 2020) (exercising court's discretion under Rule 43(a) over one party's objections to order that the entirety of a three-day bench trial be conducted via videoconference).

B. <u>Good cause exists to allow for the calling of certain witnesses remotely</u>.

3. By way of background, there are essentially two issues that the jury is going to need to decide at trial. The first issue is the representations made by Defendant, through both its corporate executives and through its sales

representatives. The second issue revolves around the operation of the horizontal grinder in the fields in California and its reason for failure. Regarding the first issue—the sales meetings—there are essentially five witnesses with personal knowledge of those discussions: (1) Dexter Long, the president of NuTech, (2) Rich Miller, the manager of NuTech, (3) David Long, Dexter's father who has an ownership interest in NuTech, (4) Dan DeJong, the California sales representative of DuraTech, and (5) Bob Strahm, DuraTech's vice president of sales. On this topic, Plaintiff intends to have Dexter Long, David Long, and Rich Miller in person at trial. Plaintiff has also provided subpoenas to Defendant for Nathan DeJong, Dan DeJong, and Bob Strahm, and understands that they will appear in person at trial via Defendant.

4. Regarding the second issue—the actual operation and use of the horizontal grinders—there are a number of potential witnesses who are located in California. These witnesses, who are former employees of NuTech, include Catarino Cortex, Chris Miguel, Eric Heuvel, Francisco Ochoa, Javier Garcia, and Omar Huerta. The parties are in the process of determining which of these witnesses will be called to testify at trial, and no final decisions have been made. However, it is presently anticipated that some combination of these six (6) witnesses would cumulatively provide testimony that does not exceed 2-3 hours.

5. Good cause exists to allow for the remote testimony, if any, of Catarino Cortex, Chris Miguel, Eric Heuvel, Francisco Ochoa, Javier Garcia, and Omar Huerta. As of this writing, the United States Centers for Disease Control is not

recommending domestic travel due to the COVID-19 pandemic[1]. These witnesses are primarily providing factual testimony regarding the operation of the grinder. There is no reason to require these fact witnesses to travel to North Dakota under the present circumstances for very brief testimony.

6. Plaintiff agrees that this motion is reciprocal, meaning that if Defendant wishes to call Catarino Cortex, Chris Miguel, Eric Heuvel, Francisco Ochoa, Javier Garcia, and Omar Huerta remotely, Plaintiff does not object, provided that Defendant provides fair notice.

7. Counsel for Defendant has been contacted regarding this motion. Defendant does not oppose the relief sought herein.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that the Court authorize Plaintiff to call Catarino Cortex, Chris Miguel, Eric Heuvel, Francisco Ochoa, Javier Garcia, and Omar Huerta remotely via videoconference from California, and for such other and further relief deemed just and proper.

---

[1] Available at: https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html (last checked February 22, 2021).

Respectfully submitted,

GERMOLUS KNOLL & LEIBEL LLP

By: */s/ Steven J. Leibel*
    Paul C. Germolus (ID 05408)
    Steven J. Leibel (ID 07361)
*Attorneys for Plaintiff*
1915 N. Kavaney Dr., Suite 3
P.O. Box 858
Bismarck, ND  58501
Ph: (701) 255-2010
Fax: (701) 255-1980
Emails:    paul@germolusknoll.com
            steve@germolusknoll.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2021, a true and correct copy of the foregoing Brief was filed electronically with the Clerk of Court through the Court's Case Management/Electronic Case Files system, which system sends notice of such filing to the following CM/ECF participants:

    Justin D. Eichmann
    D.C. Woody Bradford

                  By: */s/ Steven J. Leibel*
                         Steven J. Leibel